IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     :
                                    :
           Plaintiff,          :
                                      :
        v.                    :       Criminal Action No.  12-23-GMS
                                      :
HAKEEM BROWN               :
                                      :
          Defendant.       :

**DEFENDANT'S MOTION TO SUPPRESS THE SEIZURE AND SEARCH OF HAKEEM BROWN'S PERSON, AUTOMOBILE, AND HIS ALLEGED STATEMENTS**

COMES NOW, Hakeem Brown, by and through his attorney, Christopher S. Koyste, Esquire, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to suppress any and all evidence obtained as a result of the warrantless seizure and search of Mr. Brown's person, automobile and his alleged statements.

**Criminal offenses alleged:**

1. On April 12, 2012, a four count indictment was returned against Mr. Brown by the Grand Jury for the District Court of the District of Delaware.  The indictment alleges that on February 24, 2012 Mr. Hakeem Brown attempted to rob J.A. of his personal property in violation of Title 18 USC Section 1951, and that Mr. Brown possessed a firearm in furtherance of a crime of violence after having previously been convicted of a felony crime in violation of Title 18 USC Sections 922(g)(1), (924)(a)(2), and (924)(c)(1)(A)(I). It further alleged that Mr. Brown possessed heroin with the intent to distribute the substance, in violation of Title 21 USC Sections 841(a)(1) and 841(b)(1)©.

**Factual Introduction:**

2.   For purposes of this motion, Mr. Brown references the police reports for facts while not necessarily being in full agreement with theses facts.  A factual record should be created during an evidentiary hearing in relation to this suppression motion to determine what facts are accurate and reliable.

3.   A confidential source (CS) told Task Force Officer Parrott that he believed that person known as "Hakeem" was known to possess a firearm.  He gave a description of the type of car that Hakeem was known to drive; that is, a dark blue in color sport utility vehicle with chrome rims.  A phone call was made by the CS to Hakeem in which Hakeem allegedly told the CS that he was in possession of a "jawn," which the police interpreted as meaning a firearm.[1]  The CS and Hakeem also allegedly talked briefly about what the CS claims was a plan to commit a home invasion, though no details were spoken except for the need for a stolen car.  Through law enforcement techniques, Officer Parrott identified Hakeem as Hakeem Brown. A singular picture of Mr. Brown was shown to the CS who allegedly identified him as the subject he/she knew as Hakeem. The CS described the home invasion location to Parrott as being in the Browntown section of Wilmington with the victim having excess of $50,000 stored at his residence. A second call was then made by the CS to Hakeem for them to meet on Brown Street.  Officer Parrott instructed the CS to make a third call to see if Hakeem would have a gun with him when they met. The CS made a call to Hakeem in which the CS asked if he had his "jawn" which the police interpreted as meaning a handgun.  Hakeem allegedly

---

[1]   It should be noted that TFO Parrott listened in on the cell phone calls as the CS apparently had his phone on speaker mode, but none of the alleged communications were recorded.  One of the phone calls, two law enforcement agents listened in on the conversation between the CS and "Hakeem".

stated that he was in route and he did has his jawn. Furthermore, the CS asked if Hakeem had a pair of gloves, which Hakeem allegedly responded that he only had one pair.  Later, the CS called Hakeem in which Hakeem allegedly said that he was getting gas and on his way. Hakeem then called the CS during which time the CS asked if Hakeem was "strapped" to which Hakeem replied that he was.

4.  Based on this information, law enforcement set up surveillance in the Brown Street area of Wilmington, Delaware.  An on scene police officer radioed that a dark blue Chevy Tahoe was seen entering the area driven by a black  man. This Chevy Tahoe pulled up to the side on Brown Street.   A law enforcement vehicle pulled in front of the Chevy Tahoe, blocking it in, and multiple police officers approached the vehicle with guns pointed.  The driver was ordered at gun point to turn his engine off and step out of his car, and told to keep his hands in the air until an officer came over and placed him in handcuffs.  The driver and only occupant of the vehicle was Hakeem Brown. While handcuffed and moved away from the vehicle, Mr. Brown was frisked  multiple times.  Also, after being frisked/searched multiple times, Mr. Brown allegedly made incriminating statements, while he was in custody.  These statements were in response to law enforcement questioning of Mr. Brown.  Eventually law enforcement reached into Mr. Brown's pants and pockets where bags of heroin were found.  Defendant was taken away from the scene and his car was then driven by police officers to the Wilmington Police Department.  According to police reports, the vehicle was searched at the Wilmington Police Department "incident to arrest" as a warrant to seize and search the vehicle was never obtained by law enforcement. The search resulted in law enforcement finding a loaded handgun and an additional magazine found in the door portions of the vehicle.

5.  Mr. Brown was at some point in time interviewed by TFO Parrott in which Mr. Brown

is alleged to have made incriminating statements.  Although this interview took place in an interrogation room at the Wilmington Police Department, there is no video tape of the conversation, nor is there a signed *Miranda* waiver form.

## I.  Mr. Brown was seized in violation of the 4th Amendment of the US Constitution.

6.    The conduct of law enforcement in which they ordered him out of his car, being surrounded by police officers with guns drawn, constitutes an unconstitutional warrantless seizure of his person.  Mr. Brown submits that the nature of his seizure when the police stopped him and handcuffed him is the equivalent to an arrest which requires probable cause which the Defense asserts that law enforcement lacked based upon the information that they had obtained. See*, United States v. Watson*, 423 U.S. 411, 417-424 (1976).  Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.   *Maryland v. Pringle*, 540 U.S. 366, 371(2003). Thus, Mr. Brown asserts that all evidence obtained as a result of his illegal seizure, which would effectively be all the evidence in this case as all the evidence flowed from the seizure, must be suppressed as a fruit of the poisonous tree.  *Wong Sun v. United States*, 371 U.S. 471 (1963).  This includes the statements Mr. Brown made in the vicinity of Brown Street in Wilmington and the later statements made at in the Wilmington Police Department interrogation room.  See, *Brown v. Illinois*, 422 U.S. 590 (1975); *Dunaway v. New York*, 442 U.S. 200 (1979).

## II.  Mr. Brown was searched in violation of the 4th Amendment of the US Constitution.

7.    At the scene of Mr. Brown's seizure on Brown Street, he was frisked or searched by law enforcement in violation of *Terry v Ohio*. 392 U.S. 1, 7 (1968) as Mr. Brown was not in a minimally intrusive state of "custody" as is permitted by Terry, but was hand cuffed and in the functional

4

equivalent of arrest.  Thus, the search or frisk of Mr. Brown's person cannot be justified by law enforcement as a legal and valid *Terry* frisk.  If the search is found to be a frisk, Mr. Brown also asserts that when he was frisked, the result of which did not produce a firearm, law enforcement proceeded into a more intrusive search of his person, specifically reaching into his pockets, in violation of *Terry v Ohio*. 392 U.S. 1, 7 (1968).  See, *Ybarra v. Illinois*, 444 U.S. 85 (1979); *Minnesota v. Dickerson*, 508 U.S. 366 (1993). The fruits of this illegal search, the drugs found, must be suppressed.  *Terry v Ohio*. 392 U.S. 1, 7 (1968)*; See, Wong Sun v. United States*, 371 U.S. 471 (1963); *Ybarra v. Illinois*, 444 U.S. 85 (1979); *Minnesota v. Dickerson*, 508 U.S. 366 (1993).

## III.  Mr. Brown's vehicle was searched in violation of the 4th Amendment of the US Constitution.

8. Mr. Brown further submits that the warrantless seizure of his vehicle and its eventual search after being removed from the scene by law enforcement, violates the Fourth Amendment of the United States Constitution pursuant to the Supreme Court's ruling in *Arizona v. Gant*, 556 U.S. 332, (2009). In *Gant* the Supreme Court held that police are allowed to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search.  *Arizona v. Gant*, 556 U.S. 332, 343, (2009).  Mr. Brown' vehicle was driven back to the police headquarters and searched by law enforcement, which produced a firearm and ammunition. The Defense asserts that Brown was at all moments after being ordered removed from his vehicle, formally seized and under the control of law enforcement. The fruits of this illegal seizure and warrantless search, the firearm and ammo found in the auto, must be suppressed pursuant to *Arizona v. Gant*, 556 U.S. 332, 343, (2009)*.  See, Wong Sun v. United States*, 371 U.S. 471 (1963).

5

**IV.  Mr. Brown's statements were obtained in violation of the 5th and 6th Amendments of the US Constitution and *Arizona v. Miranda*.**

9.  Mr. Brown is alleged to have twice made incriminating statements, each which the Defense seeks to suppress.  Mr. Brown asserts that any statements made while he was handcuffed and being searched in the vicinity of Brown Street, were statements made while in custody and in response to questions asked by law enforcement.  *Florida v. Royer*, 460 U.S. 1 (1983); *Stansbury v. California*, 511 U.S. 318 (1994).  Due to the custodial situation that Mr. Brown was under, an advisement of his rights pursuant to *Arizona v Miranda*, 384 U.S. 436 (1966) was required, but was not given by law enforcement.  Thus, Mr. Brown's alleged statements made while handcuffed and in the vicinity of Brown Street in Wilmington, Delaware were obtained in violation of the 5th and 6th Amendments of the United States Constitution and *Arizona v. Miranda* and must be suppressed.  See*, Wong Sun*, 371 U.S. 471 (1963).

10.  Mr. Brown allegedly made incriminating statements at the Wilmington Police station that were not the result of a knowing, voluntary, and intelligent of his right to remain silent and his right to counsel.  *Arizona v Miranda*, 384 U.S. 436 (1966).  Thus, Mr. Brown's alleged statements must also be suppressed for the Government's use at trial. See*, Wong Sun*, 371 U.S. 471 (1963).

**WHEREFORE**, Defendant Hakeem Brown respectfully requests that this Court suppress all evidence obtained from the illegal seizure and search of Mr. Brown and his vehicle, together with his alleged statements, based upon the arguments raised within this motion.

                                        /S/
                                        Christopher S. Koyste, Esquire
                                        Christopher S. Koyste, LLC
                                        709 Brandywine Boulevard
                                        Wilmington, DE 19809
                                        (302) 762-5195

Dated: May 20, 2012

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,              :
                                       :
            Plaintiff,                 :
                                       :
      v.                               :        Criminal Action No.  12-23-GMS
                                       :
HAKEEM BROWN                           :
                                       :
            Defendant.                 :

## CERTIFICATE OF SERVICE

Undersigned Counsel certifies that the attached Suppression Motion is available for

public viewing and downloading and was electronically delivered on May 20, 2012 to:

> Jamie McCall, Esquire
> Assistant U.S. Attorney
> United States Attorney's Office
> District of Delaware
> 1007 Orange Street, Suite 700
> Wilmington, Delaware  19801

> _____/S/_____
> Christopher S. Koyste, Esquire
> Christopher S. Koyste, LLC
> 709 Brandywine Boulevard
> Wilmington, Delaware 19809
> (302) 762-5195